IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,    :

    Plaintiff,    :

 v.    :    Case No. 2:08-mj-209-TK

Ronald E. Kelsor,    :    MAGISTRATE JUDGE KEMP

    Defendant.    :

## DETENTION ORDER

The Court held a detention hearing in this case on April 28, 2008.  After hearing evidence and argument, the Court detained the defendant without bond.  The reasons for that action are set forth below.

Defendant was charged in a criminal complaint with possessing heroin with the intent to distribute it.  That offense allegedly occurred in February and March, 2008.  He waived a preliminary hearing.  The charge carries with it a presumption of detention, explained as follows.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances

>  Act (21 U.S.C. 801 et seq)...[or] an
>  offense under section 924(c)...of this
>  title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

   In order to attempt to rebut the presumption of detention

arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Columbus police detective Patrick Shrodes testified at the detention hearing.  He generally reiterated the allegations in the complaint concerning the defendant's heroin dealings, much of which were recorded on a court-approved wiretap of his phone, and also stated that defendant had an additional source of heroin supply beyond the one with whom he had the telephone calls transcribed in the complaint, and approximately 25 customers, some of whom were users and some of whom purchased heroin for resale.  Additionally, heroin was found at defendant's residence, as was a handgun, and heroin, scales, a mixer, packaging material, and the cell phone for which the wiretap was ordered were found at another location frequented by the defendant.

The Pretrial Services report contains little positive information about the defendant.  He is a long-time resident of Columbus.  He does not appear to have had steady or verifiable employment for several years.  He has a criminal record that dates back to 1975.  He has been convicted of, among other

crimes, aggravated trafficking in heroin, aggravated robbery, homicide, possession of drugs with a firearm specification, having a weapon under a disability, and felony possession of drugs. He has failed to appear in court on multiple occasions and has also been declared an absconder.

The defendant simply failed to rebut the presumption that he should be detained. Almost every factor in this case is negative. In addition to his lengthy criminal history, which includes similar trafficking offenses, he has been convicted of possessing a weapon while under a disability and there was a handgun in his home when it was searched by agents. He poses a clear danger to the community under these circumstances, and no bond conditions would serve to lessen that danger. For all of these reasons, the Court detained the defendant without bond pending trial.

The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge